Dear Representative Deano:
I am in receipt of your opinion request wherein you request an opinion of this office concerning the following:
 Whether or not the provisions of LSA-R.S. 17:3206(C)(1) relative to certain financial need determinations for participation in the State's higher education Tuition Assistance Program (TAP) have been properly implemented by the Louisiana Student Financial Assistance Commission (hereinafter referred to as LSFAC).
Specifically, you are concerned with the fact that under rules adopted by LSFAC, the annual adjustment for inflation required by law to be applied to the adjusted gross income eligibility limitation is not being so applied. LSA-R.S. 17:3206C(1) provides the following:
 C. (1) An applicant shall be found to be in financial need if the annual adjusted gross income of the applicant's family is less than twenty-five thousand dollars, plus five thousand dollars for each dependent child other then the applicant, and the applicant meets the requirements of the standardized needs methodology as determined by the commission and established pursuant to LSA-R.S. 17:3206(B)(2)(d). The adjusted gross income eligibility limitation shall be annually adjusted for inflation in accordance with the Implicit Deflator for Personal Consumption Expenditure Index, annualized, as reported by the United States Department of Commerce, Economic Statistics Administration, Bureau of Economic Analysis.
The term "adjusted gross income eligibility limitation" is not statutorily defined in Title 17. You assert that the Legislature clearly established the "income eligibility limitation" in the first sentence of the statute to be the sum of two numbers, the annual adjusted gross income of the applicant's family which must be less than twenty-five thousand dollars plus an amount of $5000 for each dependent child other than the applicant. However, as you have indicated in your opinion request, LSFAC defines the term to mean only the family adjusted gross income base amount which must be less than twenty-five thousand dollars.
LSFAC's procedure for determining the eligibility of applicants in the Louisiana Tuition Assistance Plan is set forth in C(h)(ii) of that plan which states the following:
 In determining the eligibility of applicants, the family adjusted gross income base amount applicable to the award year ($25,000 for 1992-93) shall be multiplied by the inflation index rate reported for that year (3.31 percent for 1992) and the result, rounded up to the next whole dollar ($828 for 1992), shall become the base amount for future adjustments under this procedure. The $5,000 allowance for each additional dependent child shall be added to the base amount to determine the family's adjusted gross income eligibility limitation. The dependant allowance shall not be adjusted for inflation.
Since it is unclear from a reading of the statute as to what the Legislature meant by the "adjusted gross income eligibility limitation" a review of the tapes of the house and senate bills may be beneficial in determining the intent of the Legislature. House Bill 1908 and Senate Bill 220 were similar bills introduced which contained identical language pertaining to the issue which is now in question.
Ultimately, House Bill 1908 and Senate Bill 220 were passed as Act 1992, No. 887 § 1 and Acts 1992, No. 718 § 1, respectively, effective January 1, 1993.
After listening to the tape of the House of Representative's Education Committee Meeting of May 13, 1992 wherein they discussed House Bill Number 1908, Jack Quinn, the Executive Director of the Office of Student Financial Assistance stated the following in reference to the income limitations in question:
 . . . The Amendments would provide a standardized need methodology that the Commission could develop which would give us the ability to look at case assets that the family has. We would only look at income for one year rather than averaging two years of income. We would also look at income limitations and adjust them annually for inflation using a standardized index to determine that annual limitation . . . (emphasis added)
The language used by Mr. Quinn implies that there is more than one income limitation that must be adjusted. In his presentation Mr. Quinn uses the plural word "limitations" as well as the plural word "them" when referring to the word limitations. Additionally, it is clear that original House Bill Number 1908 introduced by Representative Adley primarily focused on inflation adjustment. However, there was no specific discussion as to what figure(s) were to be adjusted.
The language used by Mr. Quinn in his conversation with Representative Bruin in the House of Representative's Education Committee Meeting of June 9, 1992 wherein they discussed Senate Bill Number 220 indicates by example that there is only one income limitation and it is the base amount applicable to the award. Only that figure is to be multiplied by the inflation index rate reported for that year.
A review of the Senate Education Committee Meeting of May 21, 1992, wherein Senate Bill Number 220 was discussed does not contain a discussion pertaining to the issue in this opinion request. Also, the Senate Education Committee Meeting of June 11, 1992 wherein House Bill Number 1908 was discussed could not be located.
Therefore, neither the statute-in-question nor the tapes wherein Senate Bill Number 220 and House Bill Number 1908 were discussed provide a clear understanding of the meaning of "adjusted gross income eligibility limitation" and a specific procedure that the Legislature intended for LSFAC to apply when determining TAP recipients. If the Legislature intended for the adjusted gross income eligibility limitation to include both the annual adjusted gross income and five thousand dollars for each dependent child, it appears that they would have specified such in the statute or discussed the issue when the bills were introduced.
LSA-R.S. 17:3726B provides that "the provisions of the section shall be administered by the Louisiana Student Financial Assistance Commission." Therefore, since the statute does not specifically define how the income of a family is to be adjusted for inflation, it should be determined by the LSFAC. If the application of the statute as applied by LSFAC is not what the Legislature intended, then the Legislature can void or suspend the Commission's rules through their legislative oversight ability as provided for in LSA-R.S. 49:969. Also, the Legislature can introduce and pass a bill to reflect the true intent of the Legislature.
Therefore, since LSA-R.S. 17:3206(C) does not specify whether the gross "income eligibility limitation" should include adjusting for inflation the annual adjusted gross income of an applicant's family plus five thousand dollars for each dependent child other than the applicant, it appears that the Legislature intended for LSFAC to make that determination. If the application of the statute as applied by LSFAC is not what the Legislature intended, then the Legislature can void or suspend the Commission's rules through their legislative oversight as provided for in LSA-R.S. 49:969 and/or introduce and pass a bill to reflect their true intent.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance please let me know.
Very truly yours,
 Beth Conrad Langston Assistant Attorney General
RPI/BCL/sc/opini38